# IN THE COURT OF APPEALS OF IOWA

No. 22-2033
Filed May 8, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEAN EDWARD HILPIPRE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Amy M. Moore, Judge.

A defendant appeals his convictions for second-degree sexual abuse, lascivious acts with a minor, and third-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Schumacher, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Dean Hilpipre appeals his convictions for second-degree sexual abuse, lascivious acts with a minor, and third-degree sexual abuse. He argues that an expert witness, Danica Haas, improperly vouched for the credibility of the child complaining witness, W.H. He also contends that the convictions were not supported by substantial evidence. Upon our review, we affirm.

**I. Background Facts and Prior Proceedings.**

In 2012, W.H. was eight years old and, after her parents divorced that year, she moved in with her father. While her father was at work, her paternal grandfather, Hilpipre, would watch her and her siblings, including her younger sister, R.H. Beginning that year, Hilpipre would take W.H. and R.H. for rides in his truck and on his tractor as well as to the parking lot of a rodeo, a public park, and a canoe launch. While at these locations and in the bedroom in his house, Hilpipre would touch W.H. on her breasts and insert his fingers into her vagina. Hilpipre would touch R.H.—who was two years old in 2012—in the same way. With only W.H., Hilpipre inserted his penis into her vagina, hurting her. He would ejaculate on the bed, W.H.'s stomach, or a towel afterwards. R.H. reported Hilpipre's actions towards her in 2016. A criminal no-contact order was entered, and W.H. and R.H. stopped spending time at Hilpipre's home. W.H. was thirteen years old by then.

In October 2021, W.H. reported the incidents between herself and Hilpipre to her maternal grandmother, stating, "He molested me, too." The grandmother contacted law enforcement the next morning, and W.H. completed a Child Protection Center interview with Haas. The State charged Hilpipre via trial information with second-degree sexual abuse in violation of Iowa Code sections

709.1, 709.3(1)(b), and 903B.1 (2012), a class "B" felony; lascivious acts with a child in violation of Iowa Code sections 709.1, 709.8(1)(a), 709.8(1)(b), 709.8(1)(c), 709.8(2)(a), and 903B.2, a class "C" felony; and third-degree sexual abuse in violation of Iowa Code sections 709.1, 709.4(1)(a), 709.4(1)(b)(2), and 903B.1, a class "C" felony.

Hilpipre waived his right to trial by jury and the case came to a bench trial. At trial, Haas testified for the State. She stated that it was not her role "to make any sort of determination or render any opinion regarding any allegations in this case [and] whether they happened or not." She then described misconceptions about sexual abuse victims, including that children would act like adults, report immediately, and "always display symptoms that will make it obvious that something has happened." She added that children can delay disclosure of sexual abuse and described "grooming" of sexual abuse victims. Hilpipre objected after each statement and the court overruled the objections. W.H. testified that the incident in the bedroom "would just start playful like it was supposed to be some game. It would gradually get worse. I mean, it would go from on top of my clothes to under my clothes to me not having clothes on." W.H. added that she did not come forward sooner because she "didn't see anything wrong with what was happening until [her] sister [came] to [her] and said she was uncomfortable." Lastly, two members of law enforcement also testified about their investigation and that they confirmed with Hilpipre that he had been alone with W.H. or with just W.H. and R.H. on the dates and at the locations of the alleged sexual abuse.

The court overruled Hilpipre's motions for judgment of acquittal, directed verdict, and dismissal of the charges and found Hilpipre guilty as charged. In its

written verdict, the court described Haas's testimony as "helpful in assessing [W.H.'s] statements and behaviors." It added that, specifically:

> Haas testified that people often expect children to behave like adults and report sexual abuse immediately. She also stated that children can display a wide range of symptoms after suffering sexual abuse, but these symptoms are not always obvious. She testified that a younger child might not be able to recall abuse in as much detail or the number of instances of abuse. She also acknowledged that children can falsely report sexual abuse.

The court also evaluated W.H.'s credibility, writing,

> [w]hile clearly upset and tearful at times, she was not dramatic or histrionic in the course of her testimony. She answered questions in a forthright manner and was candid about her prior inconsistent statements. She offered specific details of the instances of abuse, including [Hilpipre's] acts of violating her with his penis and fingers, and the locations where the abuse occurred. The court found her testimony credible and convincing.

The court added that W.H.'s "allegations in this matter were also corroborated in the course of the investigation by law enforcement." Law enforcement confirmed that Hilpipre had been with W.H. in his truck, on a tractor, at the rodeo, at a public park, and at a canoe launch during the relevant time period. And Hilpipre "admitted that he had been alone or with [R.H.] in all of the locations where [W.H.] alleged the abuse occurred."

At sentencing, the court merged the lascivious acts with a minor conviction with the second-degree sexual abuse conviction and sentenced him to twenty-five years in prison on the second-degree sexual abuse conviction. On the third-degree sexual abuse conviction, it sentenced Hilpipre to ten years in prison to run concurrently to the twenty-five-year sentence. Hilpipre appeals.

**II. Standard of Review.**

We review an evidentiary ruling on the admission of expert testimony for abuse of discretion. *State v. Jaquez*, 856 N.W.2d 663, 665 (Iowa 2014). "The district court abuses its discretion when it exercises its discretion on grounds or for reasons that are clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Brown*, 856 N.W.2d 685, 866 (Iowa 2014)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.*

We review claims of insufficient evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). Our sufficiency review is the same for a bench trial as a jury trial. *State v. Myers*, 924 N.W.2d 823, 827 (Iowa 2019). "We will uphold a . . . verdict if it is supported by substantial evidence." *Cook*, 996 N.W.2d at 708. "Evidence is substantial if it is 'sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Mathis*, 971 N.W.2d 514, 516–17 (Iowa 2022)). We "view the 'evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced . . . .'" *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

**III. Analysis.**

Hilpipre raises two issues on appeal.

**A. Vouching.** First, he contends that Haas improperly vouched for W.H. "[E]xpert testimony is not admissible merely to bolster credibility." *State v. Dudley*, 856 N.W.2d 668, 676 (Iowa 2014). In a child sexual abuse case, specifically, "an expert witness cannot give testimony that directly or indirectly comments on the

child's credibility." *Id.* at 677. A comment on a child's credibility implies that "the child must be telling the truth." *Jaquez*, 856 N.W.2d at 665. And such a comment is impermissible because "it is the jury's function to determine the credibility of a witness." *Dudley*, 856 N.W.2d at 677.

But an expert witness may "testify generally that victims of child abuse display certain demeanors." *Jaquez*, 856 N.W.2d at 666. *But see State v. Pitsenbarger*, No. 14-0060, 2015 WL 1815989, at *8 (Iowa Ct. App. Apr. 22, 2015) (stating that testimony that a specific "child's symptoms are consistent with abuse is improper"). And an expert may explain why child victims of sexual abuse may delay reporting in general. *State v. Payton*, 481 N.W.2d 325, 327 (Iowa 1992). Such generalized testimony is permissible because it assists the judge or jury in reaching a verdict. *Dudley*, 856 N.W.2d at 677; *see also* Iowa R. Evid. 5.702 (permitting expert opinion testimony "if . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). And "[a]rmed with generalized knowledge, the fact finder can connect the dots." *Dudley*, 856 N.W.2d at 684 (Waterman, J., concurring specially). Even more specifically, our supreme court has found that general testimony "describing why children delay disclosure, the grooming process, why children have an inability to recall specific dates, and the possibility that others can be in the room when abuse occurs" is permissible expert testimony. *State v. Leedom*, 938 N.W.2d 177, 193 (Iowa 2020).

Here, Haas stayed on the permissible side of the line between proper and improper expert testimony by only making general comments about child victims of sexual abuse and not directly or indirectly commenting on W.H.'s credibility. In fact, none of Haas's testimony related to W.H. in particular. And Haas testified

explicitly that she would not make any sort of determination or render any opinion regarding any allegations in this case, including whether the complained-of events actually happened. *See State v. Howland*, No. 22-0519, 2023 WL 3613259, at *4 (Iowa Ct. App. May 24, 2023) (finding that the expert witness's testimony that she had interviewed the child but was "not allowed to" testify about the substance of the interview was not vouching); *State v. Vandekieft,* No. 17-0876, 2018 WL 2727720, at *5 (Iowa Ct. App. June 6, 2018) (noting the expert witness "acknowledged she interviewed [the child] but stated she would not give an opinion on the credibility of [the child]" and thus did not vouch for the child). Her testimony was limited to her knowledge of child sexual abuse victims in general. Thus, there was no vouching by Haas and the court did not err in permitting that testimony.[1]

**B. Sufficiency-of-the-evidence.** Second, Hilpipre asks us to change the well-established rule that the testimony of a victim—alone—is sufficient evidence to support a conviction. *See Mathis*, 971 N.W.2d at 518 ("The victims' testimony itself is sufficient to constitute substantial evidence . . . ."); *State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021) ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."); *accord* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required."). Doing so is not our role, and we are required to follow Iowa Supreme Court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule

---

[1] We note here that this was a bench trial, and if there had been impermissible vouching, its prejudicial effect would have been lessened. *See State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004) ("[L]egal training helps equip those in the profession to remain unaffected by matters that should not influence the determination."); *State v. Wilde*, 987 N.W.2d 486, 498 (Iowa Ct. App. 2022) (finding that any prejudicial effect "is reduced in the context of a bench trial").

controlling supreme court precedent."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Applying the rule that testimony of victims does not require corroboration without changing it, we are able to find substantial evidence in the record to support the convictions. The model criminal jury instructions relied on by the trial court here required the State to prove that, for second-degree sexual abuse, Hilpipre (1) performed a sex act with W.H. (2) while W.H. was under the age of twelve. For lascivious acts with a child, the State had to prove that Hilpipre, without W.H.'s consent, (1) fondled or touched the pubes or genitals of W.H. or permitted or caused W.H. to fondle or touch his genitals or pubes (2) with the specific intent to arouse or satisfy his or W.H.'s sexual desires (3) while he was sixteen years of age or older and (4) W.H. was under age fourteen. Lastly, for third-degree sexual abuse, the State had to prove that Hilpipre (1) performed a sex act with W.H. (2) by force or against W.H.'s will or while W.H. was under the age of fourteen and (3) he and W.H. were not then living together as husband and wife. The jury instructions define sex act as including penetration of the penis into the vagina or contact between the finger or hand of one person and the genitals of another.

The court heard evidence that on multiple occasions and in multiple locations Hilpipre touched W.H.'s vagina and inserted his penis into her vagina while she was under age twelve, under age fourteen, and without her consent; Hilpipre was over age sixteen at that time. Hilpipre ejaculated afterwards. The court only needed to find evidence of two such occasions—one as the basis for the second-degree sexual abuse and one as the basis for the third-degree sexual

abuse convictions. Although Hilpipre claims that there was no "scrutinization" of W.H.'s testimony, the district court was able to make a credibility determination as part of its verdict. *See State v. Wickes*, 910 N.W.2d 554, 571 (Iowa 2018) ("[The defendant] opted for a bench trial in this case, so the district court in reaching its verdict assessed the credibility of the witnesses."). And the court found W.H. credible and her claims truthful. Likewise, while Hilpipre claims that the court should now find W.H. not credible and ignore her claims, it is not our role on appeal to second-guess the court's evaluation of witness credibility. *See State v. Laffey*, 600 N.W.2d 57, 59 (Iowa 1999) ("[I]t is for the [fact finder] to judge the credibility of the witnesses and weigh the evidence."). For these reasons, we find substantial evidence supports the convictions.

## IV. Conclusion.

The State's expert witness did not impermissibly vouch for the credibility of the child victim. There was substantial evidence presented to support the convictions. For these reasons, we affirm.

**AFFIRMED.**