# IN THE COURT OF APPEALS OF IOWA

No. 16-0808
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES DEAN ARNESON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Gary L. McMinimee (sentencing), Kurt L. Wilke (trial and posttrial motions), and Thomas J. Bice (motion to suppress), Judges.

        James Arneson appeals his convictions following a jury trial for two counts of third-degree sexual abuse.  **AFFIRMED.**

        Angela Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**VAITHESWARAN, Presiding Judge.**

The State charged James Arneson with two counts of third-degree sexual abuse in connection with sex acts performed on a fourteen-year-old child, K.L.[1] A jury found James Arneson guilty as charged. On appeal, Arneson contends (1) there was insufficient evidence of a sex act, (2) the evidence was insufficient to support the age-disparity element on the second count, (3) the district court erred in admitting hearsay evidence and allowing a law enforcement officer to arguably vouch for the credibility of K.L., (4) the district court should have granted his motion to suppress a police interview under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution, and (5) his trial attorney was ineffective in failing to move for suppression of the police interview and a DNA sample taken during the interview under the Fourth and Fifth Amendments to the United States Constitution and article I, sections 8 and 9 of the Iowa Constitution.

## I.    Sufficiency of the Evidence: Sex Act

The jury received several pertinent instructions on third-degree sexual abuse. Under count I, the jury was instructed the State would have to prove Arneson (1) "performed a sex act with K.L." and (2) did so "by force or against the will of K.L." *See* Iowa Code § 709.4(1)(a) (2014). Under count II, the State was required to prove (1) Arneson "performed a sex act with K.L.," (2) Arneson did so  "while K.L. was 14 or 15 years old and [Arneson] was 4 or more years older," and (3) Arneson "and K.L. were not then living together as husband and wife." *Id.* § 709.4(1)(b)(3)(d). In pertinent part, "sex act" was defined for the jury

---

[1] The two charges were contained in an amended trial information.

as "any sexual contact": "2. Between the mouth of one person and the genitals of another. . . . 4. Between the finger or hand of one person and the genitals or anus of another person." *Cf. id.* § 702.17(2), (3). The jury was not instructed on the type of sex act associated with each count.

Arneson moved for judgment of acquittal, arguing the State failed to present sufficient evidence of a sex act. The district court denied the motion. Following trial, the jury signed two verdict forms, the first finding Arneson guilty of count I and the second finding him guilty of count II.

Arneson argues "[t]he State submitted the case under alternative factual theories, but the verdicts returned were general verdicts," requiring the State "to demonstrate that there was sufficient evidence of both factual theories to survive a motion for judgment of acquittal." *See State v. Hogrefe*, 557 N.W.2d 871, 881 (Iowa 1996) ("With a general verdict of guilty, we have no way of determining which theory the jury accepted."). In his view, "judgment of acquittal or a new trial is required because there was insufficient evidence of a sex act to convict."

As a preliminary matter, we are not persuaded by Arneson's premise that the case was submitted on alternative factual theories. The State charged Arneson with two counts of third-degree sexual abuse, the jury received separate instructions on each count, and the jury signed verdict forms finding Arneson guilty of each count. The State did not rely on multiple theories under a single count. *Cf. State v. McGrean*, No. 12-0537, 2013 WL 1453147, at *4 (Iowa Ct. App. Apr. 10, 2013) (stating "if substantial evidence does not support each alternative theory, then the case has to be remanded for a new trial because we do not know whether the verdict rests on valid or invalid grounds" and reversing

for a new trial where "sufficient evidence does not support one of the two theories submitted to the jury in the criminal mischief marshaling instruction and we have no way of knowing which theory the jury accepted"); *State v. Sanford*, No. 11-0009, 2011 WL 5391340, at *2 (Iowa Ct. App. Nov. 9, 2011) (reversing and remanding for new trial where the jury was allowed to consider two alternatives of child endangerment and only one of the theories was supported by substantial evidence). For that reason, we conclude Arneson's reliance on *Hogrefe*, and our application of *Hogrefe*, is misplaced. We will review Arneson's argument as a simple challenge to the sufficiency of the evidence supporting the jury's finding of guilt as to the "sex act" element of each count. We will affirm the district court's denial of Arneson's motion for judgment of acquittal if the record contains substantial evidence to support this element. *See State v. Shorter*, 893 N.W.2d 65, 70 (Iowa 2017).

The jury reasonably could have found from K.L.'s testimony that Arneson placed his fingers into her vagina while she was lying on the couch at his home. The jury also reasonably could have found from other evidence of record that Arneson licked K.L.'s vagina. Although K.L. denied this sex act, the jury could have credited the testimony of a nurse who examined K.L. and who testified for the State. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). According to the nurse, K.L. "stated that [Arneson] had . . . licked her vagina." A medical report offered by the defense and admitted during cross-examination of the nurse corroborated the nurse's testimony. Under "victim's description of assault," the

report described the hand-to-genital sex act and then stated, "Pt reports after an unknown amount of time suspect began to lick her genitals [and] inserted his tongue into her vagina." The report was prepared one day after the assault. Substantial evidence supports a finding of two sex acts.

## II. Sufficiency of the Evidence: Age-Disparity

As noted, the jury instruction governing count II required the State to prove that "K.L. was 14 or 15 years old and the defendant was 4 or more years older." Following closing arguments and submission of the case to the jury, Arneson's attorney moved for judgment of acquittal on the ground there was insufficient evidence to support this element. The court denied the motion, reasoning as follows:

> Here, the defendant was in the courtroom and subject to observation by the jury. The defendant is over sixty years of age and looked every day of it. There was testimony by the complaining witness that the defendant represented a grandfather figure to her. . . . [T]he jury could easily surmise by observation that defendant was more than four years older than the complaining witness.

Arneson takes issue with this ruling. He concedes he may not have preserved error by timely raising the age-disparity issue. Accordingly, he alternatively raises the issue under an ineffective-assistance-of-counsel rubric. We will preliminarily address the error preservation concern.

There is no question Arneson's motion for judgment of acquittal on the age-disparity element of count II was untimely. *See* Iowa R. Crim. P. 2.19(8)(a) (stating motion should be lodged "after the evidence on either side is closed"); *id.* Iowa R. Crim. P. 2.19(8)(b) (allowing the court to reserve ruling on motion that "is made at the close of all the evidence"). But the district court ruled on the

merits of the motion notwithstanding its untimeliness. Because we have a ruling to review, we conclude error was preserved. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("Where the trial court's ruling, as here, expressly acknowledges that an issue is before the court and then the ruling necessarily decides that issue, that is sufficient to preserve error."); *State v. Tullar*, No. 13-1567, 2014 WL 6680927, at *2 n.2 (Iowa Ct. App. Nov. 26, 2014) ("[B]ecause the district court issued a ruling on the merits of the [arrest-of-judgment and new trial] motions, they are now properly before us.").

The jury was instructed, "In considering the evidence, make deductions and reach conclusions according to reason and common sense." The jury heard K.L. testify to her birthdate and state she was fourteen years old at the time of the sexual abuse and sixteen at the time of trial. The jury also heard her testify she knew Arneson from the time she was four or five and was friends with his daughter, who was seventeen at the time of trial. Finally, the jury saw K.L. identify Arneson in the courtroom. As the district court found, the jury could have deduced that Arneson was four or more years older than K.L. *See State v. Teasley*, No. 12-2043, 2013 WL 6119321, at *1 (Iowa Ct. App. Nov. 20, 2013) (concluding the defendant "was in the courtroom and subject to observation by the jury, and the jury reasonably could have surmised that he looked to be over four years older than the complaining witness."); *State v. Schaefer*, No. 09-0586, 2011 WL 768817, at *1-2 (Iowa Ct. App. Mar. 7, 2011) (citing several pieces of evidence supporting the age-disparity element, including defendant's presence "in court during trial" and the fact "he was recognized and identified by [the child] as the person who had had indecent contact with her"); *State v. Thompson*, 365

N.W.2d 40, 43 (Iowa Ct. App. 1985) ("The defendant was present in the courtroom during the entire trial. He was recognized and identified by the witnesses."). Substantial evidence supports the age-disparity element.

### III. Hearsay and Vouching Testimony

At trial, a police officer testified to his questioning of K.L. and her mother about the sexual abuse allegation. He described K.L.'s reaction, as well as her mother's reaction, and then said the following:

> A. Okay. Yeah, [K.L.] put down her head and said, "*No, mom, it's true.*" She said it right away, and you know, based on everything, you know, I felt like—
> [Defense Counsel]: I object to his opinion of what he thought of her statement.
> [Prosecutor]: That's fine. I'll continue.

(Emphasis added.)

Arneson argues K.L.'s statement as recounted by the officer was inadmissible hearsay. *See* Iowa R. Evid. 5.801(c) (stating hearsay is any out of court "statement" made by the "declarant" that is offered "into evidence to prove the truth of the matter asserted in the statement"); Iowa R. Evid. 5.802 (stating hearsay is inadmissible except as provided by the Iowa Constitution, a statute, the rules of evidence, or a supreme court rule). The State responds that the statement was admissible to explain responsive conduct. *See State v. Plain*, 898 N.W.2d 801, 812 (Iowa 2017) ("An out-of-court statement offered only to explain responsive conduct that is relevant to an aspect of the State's case is not offered to prove the truth of the matter asserted and therefore is not hearsay."). We cannot accept this rationale. The child's response to her mother's reaction was entirely irrelevant to a material issue in the case. *See id.* ("[T]he court considers

'whether the statement is truly relevant to the purpose for which it is being offered or whether the statement is merely an attempt to put before the fact finder inadmissible evidence.'" (quoting *State v. Mitchell*, 450 N.W.2d 828, 832 (Iowa 1990))). The statement was precisely what it appeared to be—an out of court statement made by K.L. and offered to prove the truth of the matter asserted. *See State v. Tompkins*, 859 N.W.2d 631, 643 (Iowa 2015); *see also Plain*, 898 N.W.2d at 812-13.

That said, the evidence was cumulative. *Plain*, 898 N.W.2d at 813 ("Tainted evidence that is merely cumulative does not affect the jury's finding of guilt."). The child described the police officer's encounter with her mother, said the officer told her mother what happened, and testified that her mother's reaction was "[n]ot so good." She also testified she told her mother what happened. Because her trial testimony was duplicative of the hearsay statement, we conclude the district court's admission of the hearsay evidence was not prejudicial.

In reaching this conclusion, we have considered Arneson's argument that the hearsay evidence was introduced to bolster and vouch for the child's credibility. *See State v. Brown*, 856 N.W.2d 685, 689 (Iowa 2014) (finding expert testimony vouching for credibility of a child was prejudicial and required reversal of conviction and remand for new trial); *State v. Dudley*, 856 N.W.2d 668, 678-79 (Iowa 2014) (same). Because the prosecutor abandoned the line of questioning following the defense objection, we conclude the exchange did not cross the line.

As for additional statements by the officer describing the child as "hesitant to come forward" and "genuinely hurt," we are not persuaded those statements amounted to improper vouching.

## IV.  Suppression Ruling

Before charges were filed, a police officer asked Arneson if he would agree to an interview.  Arneson went to the police station and was questioned about the sex-abuse allegation.  During the interview, he provided police with a DNA sample.

Arneson moved to suppress the evidence on the ground that it was obtained in violation of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Iowa Constitution.  Following a suppression hearing, the district court denied the motion, reasoning that the rights implicated do "not attach until a prosecution for an offense is actually commenced" or "at or after the initiation of an adversary proceeding."  The court noted that at the time of the interview, "Arneson was clearly not under arrest," the interview was "noncustodial," and "Arneson was free to leave as he wished."

On appeal, Arneson reiterates, "[T]he trial court erred in denying the motion to suppress under the Sixth Amendment and article I, section 10 of the Iowa Constitution."  At the same time, he admits "the district court was correct that under current federal precedent, the Sixth Amendment . . . right to counsel does not usually attach until charges are filed."  *See Texas v. Cobb*, 532 U.S. 162, 172 (2001) ("[I]t is clear that the Sixth Amendment right to counsel attaches only to charged offenses . . . ."); *State v. Effler*, 769 N.W.2d 880, 890 (Iowa 2009)

("We have determined the Sixth Amendment attaches upon the initiation of adversarial criminal proceedings, generally by formal charge, arraignment, preliminary hearing, information, or indictment."). He focuses on the Iowa Constitution, framing the issue as "whether, under the facts of this case, the Iowa Constitution provides a right to counsel under article I, section 10 . . . that attaches during an interrogation of a felony suspect after he asks for an attorney, but is denied one."

The Iowa Supreme Court recently addressed this issue. *See State v. Green*, 896 N.W.2d 770, 773 (Iowa 2017). There, as here, the defendant agreed to be interviewed at a police station and was told he was free to leave. *Id.* In addition, "[m]ultiple times throughout the interview, one of the officers would leave the interview room to consult with the county attorney. During these consultations, the county attorney would direct the officers to ask specific questions." *Id.* at 774. The court concluded, "[T]he level of prosecutorial involvement at the time of the interview did not create a prosecution or case that would trigger the right to counsel under article I, section 10." *Id.* at 773. The court further concluded

> The facts and circumstances of this case confirm that Green was not formally or informally an "accused," and the interview was not a "criminal prosecution" under our existing jurisprudence. Green appeared voluntarily at the police station. He could have left the interview room or stopped the interview at any time. There was no warrant for his arrest, and there were no charges filed against him. These facts signal a police investigation, not a criminal prosecution.

*Id.* at 778.

The facts here are virtually indistinguishable. We conclude *Green* is controlling and Arneson's right to counsel under article I, section 10 of the Iowa

Constitution was not violated. We affirm the district court's denial of Arneson's suppression motion.

## V.    *Ineffective Assistance of Counsel*

Arneson contends his trial attorney was ineffective in failing to challenge the interview and the seizure of his DNA under the Fourth and Fifth Amendments to the United States Constitution and article I, sections 8 and 9 of the Iowa Constitution. Arneson and the State agree that we generally preserve ineffective-assistance claims for postconviction relief. We do so here to allow counsel the opportunity to weigh in on the matter. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

We affirm Arneson's judgment and sentence for two counts of third-degree sexual abuse and preserve his ineffective assistance of counsel claim for postconviction relief.

**AFFIRMED.**