# IN THE COURT OF APPEALS OF IOWA

No. 18-1054
Filed May 13, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMES ALLEN MINCKS,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

James Mincks appeals his convictions for second-degree sexual abuse and third-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

James Mincks appeals his convictions for second-degree and third-degree sexual abuse. He asserts insufficient evidence supports his convictions, the court erred in admitting hearsay and vouching testimony, and trial counsel provided ineffective assistance. We find substantial evidence supports the verdicts and the court did not err or abuse its discretion in permitting testimony and affirm. We preserve one claim of ineffective assistance of counsel for potential postconviction relief and dismiss the other ineffective-assistance claims on the merits.

In March 2017, a twelve-year-old victim reported to school mental-health and guidance counselors Mincks had been sexually abusive for over a year. Mincks had recently moved out of the child's home when his relationship with the child's mother ended. The counselors—who were both mandatory reporters—informed the department of human services (DHS), and an investigation was opened.

On May 3, Mincks was charged with one count each of first-degree, second-degree, and third-degree sexual abuse. The State dismissed the first-degree count in early April 2018.

During the three-day trial in late April, the jury heard testimony for the State from the child, a mental-health counselor, a forensic interviewer with a child protection center (CPC), a school guidance counselor, a nurse practitioner who conducted a physical examination of the child, and the investigating officer. The defense presented testimony from the child's former mental-health counselor, the child's mother, and Mincks.

On April 27, the jury convicted Mincks of one count of second-degree and one count of third-degree sexual abuse, in violation of Iowa Code sections 709.3(1)(b) and 709.4(1)(b) (2017), respectively.

Mincks appeals. He claims the evidence was not sufficient to sustain his convictions, the district court erred in admitting hearsay and vouching testimony, and his counsel provided ineffective assistance. We will lay out the facts below only as necessary.

## I. Standard of Review

"Sufficiency of the evidence claims are reviewed for corrections of errors at law." *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). "We review hearsay rulings for correction of errors at law and will reverse the admission of hearsay evidence as prejudicial unless the contrary is shown. We review all other evidentiary rulings for an abuse of discretion." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014) (citation omitted). We review claims of ineffective assistance of counsel de novo. *State v. Macke*, 933 N.W.2d 226, 230 (Iowa 2019).

## II. Analysis

**A. Sufficiency of the evidence.** "In making determinations regarding the sufficiency of the evidence, we 'view the evidence in the light most favorable to the State, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence.'" *Lilly*, 930 N.W.2d at 298 (citation omitted). We will uphold the verdict if substantial evidence supports it, i.e., there is evidence sufficient to convince a rational jury the defendant is guilty beyond a reasonable doubt. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

Mincks claims inconsistencies in the child's testimony rendered the evidence insufficient to warrant conviction. Mincks points to contradictions between the child's trial testimony and both an earlier deposition and some of the mother's testimony. Mincks also alleges the investigating officer failed to interview those close to the child.

"In our system of justice, it is the jury's function to determine the credibility of a witness." *Dudley*, 856 N.W.2d at 677. It is for the jury to determine the effect of inconsistencies on the credibility of a witness. *State v. Romeo*, 542 N.W.2d 543, 549 (Iowa 1996). Discrepancies in testimony do not necessarily render a victim's testimony unbelievable. *State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999).

Mincks had the opportunity to question the child and during cross-examination brought up discrepancies between the child's trial and deposition testimony. When questioning the investigating officer, Mincks rigorously questioned the officer regarding the investigation process, including corroboration, potential physical evidence, vagueness in the child's story, and who the officer had interviewed during the investigation. Although not required, Mincks brought his own witnesses to present evidence attempting to undermine the child's story.

The jury assessed the witnesses' testimony, determined the child's testimony reliable, and found Mincks guilty. Viewing the evidence in the light most favorable to the State, we conclude substantial evidence supports the jury's verdict.

**B. Hearsay.** Mincks claims the district court erred by allowing hearsay testimony from the child's mental-health counselor and the forensic interviewer. The district court ruled the statements admissible under an exception to the

hearsay rule.  *See* Iowa R. Evid. 5.803(4) (granting an exception for a statement that is "made for—and is reasonably pertinent to—medical diagnosis or treatment" and "[d]escribes medical history, past or present symptoms or sensations, or the inception or general cause of symptoms or sensations").  Mincks claims mental-health counselor's testimony about the initial abuse discussion with the child was forensic in nature, not diagnostic in purpose.

The admission of hearsay under Iowa Rule of Evidence 5.803(4) requires a showing the child made the statement for treatment purposes and the information is of a type reasonably relied on for treatment or diagnosis.  *See State v. Walker*, 935 N.W.2d 874, 879 (Iowa 2019).  The State must establish the testimony comes within the exception to the rule.  *Id.*

The child went to see the mental-health counselor for treatment, and there is no evidence the child went to the counselor to create evidence.  *See id.* at 880.  The State asked if the counselor relied on the statements "for purposes of continuing medical diagnosis and treatment," and the counselor, "Yes."  The discussion between the counselor and the child led to more than a year of mental-health treatment with the counselor.  The statements from the child to the mental-health counselor clearly fall within the rule 5.803(4) exception: what the child told the counselor was for purposes of treatment, and the allegations of abuse and identity of the perpetrator were highly relevant to treating the child's mental health.  The court did not err in allowing the counselor's testimony at trial.

Mincks next objected to an excerpt of the child's forensic interview, asserting the statements were part of the criminal investigation, not for diagnostic

or treatment purposes.[1]  However, the State offered the interview excerpt under the residual hearsay exception of rule 5.807 and as a prior consistent statement under rule 5.801(d)(1)(B).  On appeal, Mincks does not contest the video's admissibility on the grounds under which it was offered and admitted.  The court did not err in admitting the video.

**C.  Vouching.**  "Expert testimony in child sexual abuse cases can be very beneficial to assist the jury in understanding some of the seemingly unusual behavior child victims tend to display."  *Dudley*, 856 N.W.2d at 675.  "Experts may express general opinions but may not directly comment on the veracity of the child victim."  *State v. Leedom*, 938 N.W.2d 177, 192 (Iowa 2020).  "[T]here is a very thin line between testimony that assists the jury in reaching its verdict and testimony that conveys to the jury that the child's out-of-court statements and testimony are credible."  *Dudley*, 856 N.W.2d at 677.

An expert witness who is allowed to testify "a child's physical manifestations or symptoms are consistent with sexual abuse trauma" is essentially telling the jury the child's symptoms means a sexual-abuse trauma occurred and the child must be telling the truth.  *Id.*  This kind of testimony crosses the line into impermissible vouching.  *Id.* at 677–78.  However, statements the child's statements are consistent throughout an interview do not "cross[] the line" and "[t]he jury is entitled to use this information to determine the victim's credibility."  *Id.* at 678.

Mincks challenges statements from the mental-health counselor, school-guidance counselor, forensic interviewer, and investigating officer as

---

[1] The excerpt included five minutes of the 108 minute interview during which the child described the first alleged incident of abuse.

impermissible vouching. These statements complained of include descriptions of the child's demeanor when telling what happened, that the child had not recanted their story, had remained consistent in disclosures, and that the child's story was consistent among interviewers.

From Mincks's cross-examination of the child, it was clear a defense strategy was attacking the victim's consistency and credibility. Under the circumstances, the later witness statements regarding the consistency of the victim's story do not cross the line, and the jury was entitled to use the information in its credibility determinations. The court did not abuse its discretion in allowing the statements.

**D. Ineffective assistance of counsel.** Finally, Mincks claims counsel provided ineffective assistance by failing to object to additional hearsay and vouching claims, withdrawing rule 5.412 motions, and failing to object to an exhibit and a jury instruction.[2]

"To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010). If the defendant is unable to prove either element, the claim fails. *Id.* at 266. "In analyzing the first prong of the test, we presume counsel acted competently." *State v. Cromer*, 765 N.W.2d 1, 7–

---

[2] Iowa Code section 814.7 was recently amended to prohibit consideration of ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7 (2020). In *Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d at 235. Because this appeal was pending on July 1, 2019, we may consider Mincks's ineffective-assistance claims on direct appeal if the record is sufficient. *See id.*

8 (Iowa 2009). "Counsel has no duty to raise an issue that has no merit." *Fountain*, 786 N.W.2d at 263.

*1. Vouching.* Mincks claims the mental-health counselor's testimony about reporting the child's allegations to DHS constituted vouching and counsel should have objected. Immediately after the counselor testified to calling DHS after the child's disclosures, the State immediately clarified the mental-health counselor was a mandatory reporter. Additional trial testimony informed the jury that mandatory reporters have a legal obligation to report abuse allegations to DHS. *See* Iowa Code § 232.69 (designating mandatory reporters of child abuse).

We recognize our supreme court has found that the following statement in an expert report—"This examiner agrees this disclosure is significant and that an investigation is clearly warranted"—impermissibly vouched for a victim's credibility. *State v. Brown*, 856 N.W.2d 685, 688–89 (Iowa 2014). However, this situation is different. The counselor did not voice an opinion on the veracity of the disclosure or the need for investigation—the counselor followed through on her mandatory reporting obligations. Because the jury was informed mandatory reporters were required to report allegations of abuse to DHS and that the mental-health counselor was a mandatory reporter, the mental-health counselor's testimony of reporting the allegations to DHS did not constitute impermissible vouching.

Because the testimony did not constitute vouching, counsel had no duty to object to it. Therefore, this claim of ineffective assistance of counsel fails.

*2. Hearsay.* Mincks asserts counsel should have objected to two additional instances of hearsay. First, he objects to statements by the nurse practitioner that conducted the physical examination of the child at the CPC, claiming the State

failed to establish sufficient foundation for the statements to be considered for medical diagnosis. Mincks also claims counsel should have objected to the forensic interviewer's testimony indicating the child's interview statements were consistent with what the mother, DHS, and law enforcement had told her of the child's allegations as hearsay within hearsay.

While erroneous admission of hearsay is presumed prejudicial unless otherwise established, "we will not find prejudice if the admitted hearsay is merely cumulative." *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998). Any non-medical information in the nurse practitioner's testimony was contained in the child's testimony or the counselors' testimony. Therefore the nurse practitioner's testimony was merely cumulative and therefore not prejudicial. *See id.*

Mincks's other hearsay claim is that the forensic interviewer's testimony included a hearsay-within-hearsay statement. The pertinent testimony is:

> Q. Now, you had met with mother, DHS, law enforcement prior to speaking with [the child]; correct? A. Yes.
> Q. Based on the information that [the child] provided during [the] interview, did the information that [the child gave] you appear consistent with what you would have been previously told [the child] had disclosed?
> . . . .
> A. Yes.

The forensic interviewer did not say what information the mother, DHS, and law enforcement provided, so there is no statement for us to evaluate for double hearsay. *See* Iowa R. Evid. 5.805 (allowing hearsay within hearsay "if each part of the combined statements conforms with an exception to the rule"). In addition, the mother and law enforcement both testified, making any potential hearsay merely cumulative and therefore not prejudicial.

Because Mincks has failed to establish prejudice, his claims of ineffective assistance relating to these hearsay objections fail.

*3. Rule 5.412 motions.* Two weeks before trial, counsel filed two motions seeking to offer evidence the child made prior false accusations of sexual abuse under rule 5.412. Counsel withdrew the motions before trial, stating at the pretrial hearing,

> [A]fter careful examination of the evidence available to us, after a careful review of strategy, and in our judgment the probative value of what we were proposing did not sufficiently weigh for us to pursue that. The difficulty of calling past social workers and people from out of state and the like outweighed the likelihood of success.

The court consulted with Mincks, who agreed he had consulted with counsel and agreed in the decision.

On appeal, Mincks asserts "there exists no conceivable strategy for failing to present the evidence in question to the jury." This record is devoid of counsel's thought process and reasoning. "Postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *Fountain*, 786 N.W.2d at 267. Because we do not have the full record to evaluate this claim, we preserve it for possible postconviction relief.

*4. Video exhibit.* The State offered as rebuttal evidence a five-minute video excerpt of the child's forensic interview.[3] Defense counsel objected based on hearsay and improper rebuttal, and the court overruled the objections. Mincks asserts counsel should have also argued that the prejudicial effect outweighed the

---

[3] Counsel had cross-examined the child regarding when and at what age the alleged incidents of abuse occurred, using the child's answers during a deposition taken in June 2017.

probative value and was cumulative to the child's testimony. He further claims counsel should have requested that an interrogatory be submitted to the jury asking if the video evidence supported the jury's verdict.

After reviewing the proposed exhibit, the court overruled other objections to the admittance of the video excerpt. When admitting it, the court stated, "The videotape clarifies a consistency. I find it to be the most reliable evidence versus allowing the witness who was on the stand yesterday to simply state [their] recollection of what was said." The court noted the defense strategy of showing the child's allegations were inconsistent and possibly coached. The court's reasoning indicates it found the video excerpt more probative than recalling the victim to testify further. *See State v. Veverka*, 938 N.W.2d 197, 203–04 (Iowa 2020) (examining the admissibility of a forensic interview under the residual exception to the rule against hearsay). We have no reason to believe the court would have sustained an additional objection as to the prejudicial effect outweighing the probative nature of the evidence. Additionally, the child had testified to the information included in the video. The video was cumulative evidence, and Mincks has not established he was prejudiced by counsel's failure to lodge an additional objection.

*5. Jury instruction.* Mincks's final claim is counsel should have objected to a jury instruction concerning his out-of-court statements. The instruction provided: "Evidence has been offered to show that the defendant made statements at an earlier time and place. If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial." Mincks claims this instruction is a misstatement of the law, contending the jury

should have been free to determine the weight and reliability of the statements rather than the direction to treat them as if made during trial. Mincks cites recent dissents from this court supporting his view.

This court has rejected similar claims in the past, finding the instruction to be a correct statement of law. *See State v. Chrzan*, No. 18-1327, 2019 WL 5067174, at *3 (Iowa Ct. App. Oct. 9. 2019) (collecting cases). As Mincks argues, this determination has not been without disagreement. *See State v. Payne*, No. 16-1672, 2018 WL 1182624, at *11–12 (Iowa Ct. App. Mar. 7, 2018) (Tabor, J., dissenting) (asserting the instruction is an incorrect statement of law). We note that the language challenged in this case no longer appears in the model instruction, but that change occurred after Mincks's trial.[4]

Regardless of the recent change to the instruction, the question presented is whether counsel was ineffective in failing to object. At the time of Mincks's trial the controlling precedent established the instruction was a correct statement of law. Because the instruction was a correct statement of the law, counsel had no

---

[4] Iowa Criminal Jury Instruction 200.44, which the complained-of jury instruction is based upon, was revised in June 2018. The model instruction now states:

> **200.44 Statements By The Defendant.** Evidence has been offered to show that the defendant made statements at an earlier time and place.
> If you find any of the statements were made, then you may consider them as part of the evidence.
> *You may also use these statements to help you decide if you believe the defendant. You may disregard all or any part of the defendant's testimony if you find the statements were made and were inconsistent with the defendant's testimony given at trial, but you are not required to do so. Do not disregard the defendant's testimony if other evidence you believe supports it or you believe it for any other reason.
> . . . .
> *The last paragraph should be used only if the defendant testifies.

duty to object to it.  *See Fountain*, 786 N.W.2d at 263 ("Counsel has no duty to raise an issue that has no merit.").

We affirm the convictions, find the court did not err or abuse its discretion, preserve the rule 5.412 motion ineffective-assistance claim for possible postconviction proceedings, and reject the remaining ineffective-assistance claims on the merits.

**AFFIRMED.**