# IN THE COURT OF APPEALS OF IOWA

No. 23-1443
Filed October 2, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BARRET EUGENE VONK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Bethany J. Currie,

Judge.


        A defendant appeals his conviction for sexual abuse in the third degree.

**AFFIRMED.**


        Austin William Jungblut of Parrish Kruidenier L.L.P., Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Barrett Vonk was convicted of sexual abuse in the third degree. The conviction stems from a jury finding that—during a get-together in the dorm room of Vonk's girlfriend attended by Vonk, his girlfriend,[1] and her friend—Vonk forced the friend to touch his penis with her hand.[2]

Vonk appeals his conviction. He makes four claims: (1) the district court abused its discretion by denying his motion for new trial based on his claim that the verdict was contrary to the weight of the evidence; (2) the district court allowed an unfairly prejudicial recording to be played for the jury; (3) the district court allowed improper vouching testimony; and (4) the State engaged in prosecutorial misconduct by placing a sex toy on counsel table in view of the jury. He argues each claim warrants remand for a new trial, and he also argues that the cumulative prejudicial effect of the evidentiary errors and the prosecutorial misconduct necessitates a new trial. We address each claim in turn.

## I.     Verdict Contrary to the Weight of the Evidence

"We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (quoting *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016)). We do not evaluate anew whether the verdict is contrary

---

[1] Vonk and his girlfriend have since married, but because she was his girlfriend at the time of the events at issue in this case, that is how we will refer to her throughout this opinion.

[2] In this case, Vonk was also charged with sexual abuse in the third degree for allegedly penetrating the vagina of the same woman against her will in the dorm bathroom shortly after the incident during which Vonk forced the woman's hand onto his penis. The jury could not reach a verdict on this charge, and the State eventually dismissed it. That charge is not at issue in this appeal.

to the evidence, but only analyze whether the district court abused its discretion in denying the new trial. *Id.* An abuse of discretion occurs when the grounds supporting the district court's decision are clearly untenable or unreasonable. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).

Iowa Rule of Criminal Procedure 2.24(2)(b)(7)[3] allows the district court to grant a new trial if "the verdict is contrary to law or contrary to the weight of the evidence." "A verdict is contrary to the weight of the evidence only when a greater amount of credible evidence supports one side of an issue or cause than the other." *Wickes*, 910 N.W.2d at 570 (cleaned up). District courts should only grant a new trial "in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.* (citation omitted). This requires the district court to consider "whether a greater amount of credible evidence suggests the verdict rendered was a miscarriage of justice." *Id.* (cleaned up). The trial court may weigh the credibility of witnesses and in doing so "may consider whether the testimony is reasonable and consistent with other evidence, whether a witness has made inconsistent statements, the witness's appearance, conduct, memory and knowledge of the facts, and the witness's interest in the trial." *State v. Frakes*, 450 N.W.2d 817, 819 (Iowa 1990).

Vonk contends that the evidence preponderates heavily against the verdict because the complaining witness was not credible and that inconsistencies in her

---

[3] At the time Vonk filed his new-trial motion, this ground for a new trial was found in subparagraph (6) of Iowa Rule of Criminal Procedure 2.24(2)(b). *See* Iowa R. Crim. P. 2.24(2)(b)(6) (2023). This ground moved to subparagraph (7) following an update to the rules of criminal procedure, which went into effect July 1, 2023, so we refer to it under that updated subparagraph.

story cast serious doubt upon the verdict. However, the district court found the victim credible and Vonk's girlfriend—who contradicted some of the victim's testimony—"completely and utterly unbelievable." The court went on to highlight other evidence supporting the victim's testimony and ultimately concluded that "more credible evidence supports the guilty verdict . . . than supports the alternative verdict of not guilty," so "[t]he verdict is not contrary to the weight of the evidence."

We find no abuse of discretion in the court's conclusion. The victim testified that she became acquainted with Vonk's girlfriend through a mutual friend. The victim accepted the girlfriend's invitation to meet in the girlfriend's dorm room, where she met Vonk for the first time. While Vonk was not drinking, both the victim and Vonk's girlfriend were. Vonk was seated on a lofted bed, and the two women were seated on a futon mattress on the floor. Later in the evening (or early morning), Vonk moved and sat between the victim and his girlfriend on the futon so the three could watch a movie. The victim testified that Vonk began asking her some uncomfortable questions, starting with if she wanted to have a threesome. She also testified that, shortly thereafter, Vonk's girlfriend fell asleep or passed out. At that point, Vonk continued with questions that made the victim uncomfortable, including whether she was a virgin and about her past boyfriends. The victim testified that Vonk then took her hand, placed it under his underwear inside his basketball shorts onto his penis, and moved her hand on his penis for about thirty seconds. This testimony, which the district court found credible, supports the district court's conclusion that the greater weight of the evidence supported the jury's guilty verdict, and we find no abuse of discretion in the court's ruling. As a

result, we reject Vonk's challenge to the court's denial of his motion for new trial based on the claim that the verdict was contrary to the weight of the evidence.

## II. Admission of Recording of Pretextual Call

The victim disclosed Vonk's conduct several months after it occurred, and law enforcement got involved at that time. A detective suggested and arranged for a pretextual phone call to be placed to Vonk by the victim and her roommate to try to get Vonk to make admissions. The victim felt uncomfortable being involved in the call, so her roommate made the call while the detective and victim listened and the call was recorded. The State then offered a portion of the recording of that call as evidence. Vonk objected that the probative value of the recording was substantially outweighed by its unfairly prejudicial nature (i.e., an objection under Iowa Rule of Evidence 5.403). The district court overruled the objection and admitted the offered portion of the recording. Vonk claims error in this ruling. We review claims of error in evidentiary rulings for an abuse of discretion. *State v. Canady*, 4 N.W.3d 661, 668 (Iowa 2024).

Vonk's argument largely stems from the fact that the victim's roommate made similar claims of sexual abuse against Vonk—a fact that was not made known to the jury and the reason why only a portion of the pretextual call was offered and admitted. Vonk argues the evidence should have been excluded under rule of evidence 5.403 because it had minimal probative value but risked alerting the jury to the fact that the victim's roommate also claimed to have been sexually assaulted by Vonk—a fact that would be highly prejudicial to Vonk.

Iowa Rule of Evidence 5.403 allows the district court to exclude relevant evidence if its probative value is substantially outweighed by the risk of unfair

prejudice. To decide whether evidence should be excluded under this rule, we first assess the probative value of the evidence. *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013). Second, we balance the probative value against the danger the evidence will have a wrongful effect upon the factfinder. *Id.* All relevant evidence is prejudicial, but it is unfairly prejudicial if "the evidence would cause the jury to base its decision on something other than the proven facts and applicable law, such as sympathy for one party or a desire to punish a party." *State v. Taylor*, 689 N.W.2d 116, 124 (Iowa 2004). "Because the weighing of probative value against probable prejudice is not an exact science, we give a great deal of leeway to the trial judge who must make this judgment call." *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006).

As to the first prong of the rule 5.403 analysis, we conclude the admitted portions of the pretextual call had some probative value. During the call, Vonk admitted to being present in the dorm room that night—a fact he never contested—but he repeatedly stonewalled the roommate when she asked questions about the victim. The State used this evidence in closing to argue Vonk never denied knowing what the roommate was talking about, but we acknowledge that the roommate did not make any specific allegations for Vonk to deny. Nonetheless, the information contained in the call, plus Vonk's tone and approach to the questions, could have been of some use to the jury in coming to its decision. Overall, we find the evidence had some probative value even if it may not have been particularly compelling.

At the same time, the risk of unfair prejudice was low. The exhibit was redacted to take out any reference to the roommate's allegations against Vonk.

Nevertheless, Vonk argues the jury would question why it was the roommate making the call instead of the student. He claims that this question, in conjunction with two other statements made at trial, could have revealed to the jury that the roommate had also accused Vonk of sexual assault. These other statements came during the victim's testimony when she momentarily slipped and said, "both of our . . . well, my advocate" was present for the pretextual call and the roommate's testimony that when she told Vonk's girlfriend about what happened to the victim, the girlfriend told her she was "sorrowful for us" and for bringing Vonk "into our lives." Aside from the statement about the advocates, Vonk's concerns were explained at trial. By the time the recording was played to the jury, the jury had already been informed that the victim and her roommate were best friends and, even during the pretextual call, the roommate told Vonk that what happened to the victim affects her because they are roommates. The clear inference for the jury to make was that the roommate's involvement in the pretextual call was her way of helping and supporting her best friend. This inference was further supported by the victim's testimony that the roommate was a good support to have for the pretextual call and participated in the call for her because she was uncomfortable and didn't want to talk to Vonk. It would require a large leap in logic for the jury to infer there must have been another sexual-assault allegation involving the roommate from only the veiled hints to which Vonk points.

As a result, we find the risk of unfair prejudice was minimal, and we find no abuse of discretion in the court's conclusion that the risk did not substantially outweigh the probative value of the evidence of the pretextual call.

### III.     Vouching

Vonk next argues that the State presented testimony that improperly commented on the victim's credibility.  Specifically, he claims the State presented improper vouching testimony by asking a law enforcement detective whether various witness statements given to the detective were consistent with the victim's report of a sexual assault.  He also claims testimony from the victim's mother about the victim's behavior following the incident constituted vouching.

The State challenges the merits of Vonk's vouching arguments but also contends Vonk did not preserve error on this issue because Vonk did not object to the now-challenged testimony at trial.  Vonk counters that he preserved error because (1) the district court granted the State's motion in limine prohibiting testimony or argument claiming any witness is a "liar" and (2) he raised this issue in his post-trial motion for new trial.  Neither of Vonk's counterarguments persuades us that he preserved error.

As to the first of Vonk's counterarguments, we note that the court's pretrial order in limine was limited to prohibiting direct testimony or argument referring to any witness as a liar or words to that effect.  Vonk makes no claim that this prohibition was violated.  His claim of vouching is much less direct—he contends the State improperly presented testimony from the detective that various witness statements were consistent with the victim's statement and presented testimony from the victim's mother about the effects of the incident on the victim.  By claiming this testimony violated the order in limine, Vonk is comparing apples to oranges.  Testimony or argument claiming a witness is a liar—the issue covered by the district court's order in limine—is generally prohibited.  *See State v. Graves*, 668

N.W.2d 860, 876 (Iowa 2003) ("Iowa follows the rule that it is improper for a prosecutor to call the defendant a liar, to state the defendant is lying, or to make similar disparaging comments."). But testimony highlighting the consistency of a victim's statements is generally not impermissible vouching. *See State v. Dudley*, 856 N.W.2d 668, 678 (Iowa 2014) (finding testimony about consistent statements by the alleged victim did not cross the line into improper vouching because the testimony provides "insight into the victim's memory and knowledge of the facts"). The same is true of testimony describing an alleged victim's demeanor and actions following the alleged crime. *See State v. Brown*, 856 N.W.2d 685, 689 (Iowa 2014) (finding no improper vouching in presenting testimony that an alleged victim was able to provide a clear and detailed history and did not hesitate to display where the defendant allegedly touched her). The testimony Vonk now challenges was not covered by the order in limine. As a result, the order in limine did not preserve error on Vonk's challenges,[4] so we reject his first counterargument.

We also reject Vonk's second counterargument that he preserved error by raising the vouching objection in his posttrial motion for a new trial. Raising an evidentiary objection via a motion for new trial is not sufficient to preserve error when proper objections were not made during trial. Iowa R. Evid. 5.103(a) (requiring timely objection to evidence to preserve error for appeal); *State v. Steltzer*, 288 N.W.2d 557, 559 (Iowa 1980); *State v. Ostby*, 210 N.W. 934, 937 (Iowa 1926) ("A party cannot sit by and permit improper testimony to be introduced in a case without objection, and then, in the event of an adverse verdict, predicate

---

[4] We also note that "[a] ruling sustaining a motion in limine does not generally preserve error" anyway. *State v. Leedom*, 938 N.W.2d 177, 191 (Iowa 2020).

error thereon as a ground for new trial or for reversal in this court. This would be, in effect, gambling on the result of a verdict, which cannot be tolerated."). As Vonk raised no objection to the now-challenged evidence when it was presented, he failed to preserve error.

Finding the issue unpreserved, we do not consider Vonk's challenge to the alleged vouching evidence.

## IV.    Prosecutorial Misconduct—Object Placed on Prosecutor's Table

Finally, Vonk claims the prosecutor engaged in misconduct by placing a sex toy that was not admitted as evidence on her table in view of the jury for several minutes during the trial. While the State challenges this claim on the merits,[5] it also asserts that Vonk failed to preserve the issue for appellate review because he did not raise the issue until doing so in a posttrial motion for new trial after the jury verdict was returned.

We view Vonk's claim of prosecutorial misconduct based on his allegation that the prosecutor placed a sex toy on counsel table in the presence of the jury as being akin to a claim of prosecutorial misconduct by improper remarks. Regarding improper remarks, we require objections at the time of the offending conduct prior to the submission of the case to the jury, and error is not preserved when the objection is raised for the first time in a posttrial motion for new trial. *State v. Romeo*, 542 N.W.2d 543, 552 (Iowa 1996). The same applies here. Vonk

---

[5] In the State's resistance to the motion for new trial the prosecutor denied Vonk's allegation, stating "The State did NOT place a sex object of any kind on counsel table at any time." In ruling on Vonk's motion for new trial, the district court found that the object was not a sex toy. Instead, it found the object was a set of folded headphones that were placed on counsel table to assist the prosecutor in preparing a witness to testify.

was required to object to the claimed misconduct when it occurred. By waiting until after the verdict was returned to raise the issue in a motion for new trial, Vonk failed to preserve error. As Vonk has not preserved error on this issue, we do not consider it on appeal.

## V.     Cumulative Error

Vonk's final claim is that there was cumulative error warranting a new trial. *See State v. Hardy*, 492 N.W.2d 230, 236 (Iowa 1992) ("We believe Hardy's trial was injected with several doses of unfair prejudice which, on their own, may not have warranted a new trial, but when combined, denied Hardy a fair trial."). Because we find no abuse of discretion by the district court on the two preserved issues Vonk raises, and we find Vonk failed to preserve the other two issues, we find no cumulative error.

## VI.     Conclusion

The district court did not abuse its discretion in determining that the jury's verdict was not contrary to the weight of the evidence or in permitting admission of evidence of the pretextual phone call to Vonk. Vonk failed to preserve error on his remaining two claims. As a result, we affirm.

**AFFIRMED.**